**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MELISSA MAGALLON, | Case No. 3:19-cv-00704-MMD-CLB |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |
| MINERAL COUNTY, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff Melissa Magallon's ("Magallon") motion for leave to file an amended complaint (ECF No. 14).  Defendant Mineral County filed a non-opposition to the motion (ECF No. 15).  Defendants Hugh Qualls ("Qualls"), Ailene Sanchez ("Sanchez"), and Juanchichos Ventura ("Ventura") filed an opposition to the motion (ECF No. 20), and Magallon replied (ECF No. 28).  Magallon also filed a supplement to the motion to amend (ECF No. 30)[2], pursuant to this court's order (*See* ECF No. 29).  For the reasons stated below, the court recommends that Magallon's motion to amend (ECF No. 14) be granted and defendant Mineral County be dismissed.

## I.    BACKGROUND

On November 22, 2019, Magallon filed her complaint against defendants Mineral County, Qualls, Sanchez, and Ventura for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and Nevada state law.  (ECF No. 1.)  On December 30, 2019, Defendants Qualls, Sanchez, and Ventura filed their answer.  (ECF No. 10.)  Defendant Mineral County has not filed an answer.

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice IB 1-4.

[2]    The supplement to the motion to amend is a clean version of the proposed First Amended Complaint, filed in compliance with Local Rule 15-1.

1    On January 29, 2020, Magallon filed a motion for leave to file a first amended
2  complaint. (ECF No. 14.)  Magallon originally sued Mineral County because her former
3  employer, MGGH, is a district hospital owned by Mineral County. (*Id.* at 3.)  However, in
4  early January, Magallon discovered that Mineral County was not the proper defendant in
5  this case, but instead MGGH, a "hospital district" created by Mineral County pursuant to
6  NRS 450,560, is the proper defendant and is a separate legal entity subject to suit. (*Id.*
7  at 2, 3.)  Thus, Magallon seeks to amend her complaint to replace Mineral County with
8  her actual employer, MGGH. (*Id.* at 3; *See also* ECF No. 30.)

9  **II.    LEGAL STANDARD**

10    Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely
11  give leave [to amend a pleading] when justice so requires," and there is a strong public
12  policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir.
13  1999).  The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme
14  liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)
15  (*per curiam*).  Under Rule 15(a), courts consider various factors, including: (1) bad faith;
16  (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment;
17  and (5) whether the plaintiff has previously amended her complaint. *See id.* at 1052.
18  The factors do not weigh equally; as the Ninth Circuit has explained, prejudice receives
19  greatest weight. *See id.*  Defendants bear the burden of establishing prejudice, and
20  absent its presence or a "strong showing" under the other factors, there is a presumption
21  in favor of permitting amendment. *Id.* (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d
22  183, 186-87 (9th Cir. 1987)).

23    When considering prejudice, the court may weigh against the movant the
24  amended pleading's great alteration of the litigation's nature and its effect of requiring an
25  entirely new course of defense. *Morongo Band of Mission Indians v. Rose*, 893 F.2d
26  1074, 1079 (9th Cir. 1990).  Alone, such alteration is not fatal. *Id.*  In contrast, futility
27  "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375
28  F.3d 805, 809 (9th Cir. 2003).  Futility arises when the amendment is legally insufficient,

1  *Miller v. Rykoff-Sexon, Inc.*, 845 F.3d 209, 214 (9th Cir. 1988), or "where the amended

2  complaint would . . . be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d

3  1293, 1298 (9th Cir. 1998).

4  **III.    DISCUSSION**

5          Magallon moves to amend her complaint to substitute defendant Mineral County

6  with her actual employer, MGGH.  (ECF No. 14.)  Mineral County does not oppose the

7  motion to amend, as it agrees it is not a proper party to this litigation, and it asks that the

8  court dismiss it as a defendant.  (ECF No. 15.)  Defendants Qualls, Sanchez, and

9  Ventura oppose the motion because they claim Magallon failed to comply with Local

10  Rule 15-1[3], amendment produces undue delay, is prejudicial to MGGH, and is futile.

11  (ECF No. 20.)

12          The court finds that the motion to amend should be granted, as the above factors

13  weigh in Magallon's favor.  First, rather than bad faith, the record demonstrates that

14  Magallon is acting in good faith to amend her complaint to properly name her actual

15  former employer, MGGH.  Second, Mineral County has not filed an answer in this case

16  and at the time the motion for leave to file an amended complaint was submitted, no

17  scheduling order had been issued in this case.  Therefore, the court finds that Magallon

18  did not delay in seeking amendment.

19          Third, defendants are not prejudiced by the amendment, as it merely seeks to

20  properly name Magallon's employer as a defendant. As discussed above, Magallon

21  moved to amend before a scheduling order had been filed in this case.    Further,

22  because Magallon is merely substituting the name of her employer, who is already

23  named repeatedly in the original complaint, the court does not find that the amended

24  complaint greatly alters the litigation's nature or requires an entirely new course of

25  _____

26  [3]    The court notes that Magallon initially failed to follow Local Rule 15-1 as she filed
a red-lined version of her amended complaint. (*See* ECF No. 14-1.) However, the court
27  allowed Magallon to file a clean version of her proposed amended complaint as a
supplement.  (*See* ECF No. 29.)  Thus, the court finds that the supplement filed by
28  Magallon (ECF No. 30) satisfies the requirements of Local Rule 15-1.

1   defense. *Morongo Band of Mission Indians,* 893 F.2d at 1079. Therefore, the court
2   does not find defendants prejudiced by amendment.

3         The balance of defendants Qualls, Sanchez, and Ventura's opposition consists of
4   arguments that amendment will be futile. (*See* ECF No. 20 at 6-10.) Defendants Qualls,
5   Sanchez, and Ventura argue that the punitive damages claim against MGGH are futile.
6   (*Id.* at 8-10.) Magallon agrees and represents to the court that she will remove her
7   request for punitive damages against MGGH. (*See* ECF No. 28 at 10.) As to the
8   remainder of defendants' arguments, the court finds that deferring ruling on the
9   sufficiency of the allegations is preferred in light of the more liberal standards applicable
10   to motions to amend and the fact that the parties' arguments are better developed
11   through a motion to dismiss. Nonetheless, because the purpose of amendment here is
12   to properly identify Magallon's actual employer, the court does not find amendment to be
13   futile. Finally, Magallon has not yet amended, which also weighs in her favor. In sum,
14   the above factors each weigh in Magallon's favor, and, therefore, the court concludes
15   that amendment is proper.

16         Accordingly, the court recommends that Magallon's motion for leave to file an
17   amended complaint (ECF No. 14) be granted. However, Magallon should remove her
18   punitive damages claims against MGGH, as they are futile. Further, the court
19   recommends that Mineral County be dismissed from this action.

20   **IV.   CONCLUSION**

21         Based on the foregoing, the court recommends that Magallon's motion to amend
22   (ECF No. 14) be granted and defendant Mineral County be dismissed. The parties are
23   advised:

24         1.   Pursuant to 28 U.S.C § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of
25   Practice, the parties may file specific written objections to this report and
26   recommendation within fourteen days of receipt. These objections should be entitled
27   "Objections to Magistrate Judge's Report and Recommendation" and should be
28   accompanied by points and authorities for consideration by the District Court.

1       2.    This report and recommendation is not an appealable order and any notice

2 of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District

3 Court's judgment.

4 **V.    RECOMMENDATION**

5       **IT IS THEREFORE RECOMMENDED** that Magallon's motion to amend (ECF No.

6 14) be **GRANTED**;

7       **IT IS FURTHER RECOMMENDED** that Magallon **FILE** an amended complaint

8 removing her punitive damages claims against MGGH, consistent with the above, within

9 **seven (7) days** of the entry of an order on this Report and Recommendation; and

10       **IT IS FURTHER RECOMMENDED** that defendant Mineral County be

11 **DISMISSED** from this action.

12 **DATED**: 3/4/2020

13

14                UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28